IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **VANESSA M. ZENDEJAS,** *et al.*, | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | Civil Action No. 4:23-cv-01146-O-BP |
| **DANIEL J. GARCIA,** *et al.*, | § § § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order 3, this case was referred to the undersigned for pretrial management on November 13, 2023. ECF No. 5. Before the Court is Plaintiff's Complaint filed on that same date. ECF No. 1. Plaintiffs have sued Defendants alleging wrongful acts against them relating to the remaining balance on their mortgage. *Id*. Plaintiffs also have requested a hearing. ECF No. 2. Since the Court needed to determine whether it has subject matter jurisdiction over the case before it could proceed, on November 15, 2023, this Court ordered Plaintiffs to show cause why this case should not be dismissed for lack of subject matter jurisdiction. ECF No. 7. Plaintiffs filed a response on November 20, 2023, but the response does not adequately demonstrate that the Court has subject matter jurisdiction over the case. ECF No. 8. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case without prejudice and **DECLINE TO RULE** on Plaintiffs' request for a hearing.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction

rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919. Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

Here, Plaintiffs have not "affirmatively and distinctly" alleged facts showing how the Court has jurisdiction over the case. *Getty Oil Corp.*, 841 F.2d at 1259. Plaintiffs listed "federal question" in their Complaint as the basis for this Court's jurisdiction (ECF No. 1 at 5), but on the face of the Complaint, there is no federal-question jurisdiction under 28 U.S.C. § 1331. Plaintiffs list "Breach of Contract" and "Conspiracy of Mortgage Fraud" as the federal statutes under which they are suing (ECF No. 1 at 5), but breach of contract is a state common law claim and federal mortgage

fraud is a criminal offense that only law enforcement agencies can prosecute. *See, e.g.*, 18 U.S.C. § 27 *et seq.*; *Gill v. Texas*, 153 F. App'x 261, 262 (5th Cir. 2005) (explaining that private citizens have "no standing to institute a federal criminal prosecution and no power to enforce a criminal statute."). Plaintiffs also failed to allege facts in their Written Reply to Show Cause demonstrating that the Court has federal question jurisdiction to consider the case. ECF No. 8.

In the absence of federal question jurisdiction, a case can come to federal court via diversity jurisdiction, instead, but Plaintiffs have not demonstrated that diversity jurisdiction exists here, either. A party seeking to invoke diversity jurisdiction has the burden to show that it exists. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332. Failure to adequately allege the basis for diversity jurisdiction mandates dismissal. *Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir. 1986).

Plaintiffs provide their address as 2456 Tiber River Lane in Grand Prairie, Texas. ECF No. 1 at 13. The Complaint does not state the citizenship of the Defendants, however. *Id*. Neither does the Written Reply to Show Cause. ECF No. 8. Accordingly, it is unclear whether any Defendants are citizens of Texas, which would prevent the Court from exercising subject matter jurisdiction over the case based upon diversity of citizenship of the parties. Relatedly, this Court cannot properly conduct a supplemental jurisdiction analysis since Plaintiffs have not provided information demonstrating the citizenship of the Defendants. Even if they had, "supplemental jurisdiction will not serve as an end-run around 28 U.S.C. § 1332's complete diversity requirement." *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

In the absence of subject matter jurisdiction here, Judge O'Connor should dismiss the case without prejudice so that Plaintiffs may pursue their claims in the appropriate state court if they

choose to do so. *See id.* ("[A]ny dismissal predicated on Fed. R. Civ. P. 12(b)(1) must be without prejudice."); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (explaining that dismissal for lack of subject matter jurisdiction "is not a determination on the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction."). Because the Court lacks subject matter jurisdiction to consider the case, the Court likewise should decline to rule on Plaintiffs' request for a hearing.

After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this case **without prejudice** for lack of subject-matter jurisdiction and **DECLINE TO RULE** on Plaintiffs' request for a hearing.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Signed** on November 27, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE